IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HANNIBAL DEVELOPMENT, LLC
d/b/a HANNIBAL DEVELOPMENT
PARTNERS, LLC

              Plaintiff,              Case No.: 2:18-cv-1265
                                    Judge Edmund A. Sargus, Jr.
        v.                       Chief Magistrate Judge Elizabeth P. Deavers

LACKAWANNA TRANSPORT
COMPANY
d/b/a WETZEL COUNTY LANDFILL


              Defendant.

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Hannibal Development, LLC's Motion to Strike Defendant's Jury Trial Demand as to Count III of its Counterclaim (Unjust Enrichment).  (ECF No. 33.)  The parties have fully briefed the motion and it is ripe for decision.  For the following reasons, the Court **GRANTS** Plaintiff's Motion to Strike.

**I.**

On October 14, 2019, Plaintiff filed an Amended Complaint against Defendant Lackawanna Transport Company.  (ECF No. 21.)  The Amended Complaint asserts claims for breach of contract, fraudulent misrepresentation, and negligent misrepresentation.  (*See id.*)  On October 28, 2019, Defendant filed an Answer to the Amended Complaint (ECF No. 23) and expressly preserved the counterclaims it filed in its Answer and Counterclaim to the original Complaint (ECF No. 6).  In its original Answer, Defendant asserted counterclaims for account, promissory estoppel, and unjust enrichment.  (*See* ECF No. 6.)  Defendant also demanded a jury trial on "all triable issues."  (*Id.*)  On August 11, 2020, this Court granted summary judgment to

1

Plaintiff on Defendant's counterclaim for promissory estoppel, leaving Defendant's counterclaims for account and unjust enrichment for trial. (ECF No. 32.)

Plaintiff now moves under Rule 39(a)(2) to strike Defendant's jury demand as to Count III of its counterclaims—unjust enrichment.  (ECF No. 34.)

**II.**

Plaintiff moves to strike Defendant's jury demand on its counterclaim for unjust enrichment, arguing that Defendant lacks a right to a jury trial on this claim.  (ECF No. 34 at 1.) Defendant contends that it does have a right to jury trial, but also argues that, even if it does not have the right to jury trial on its unjust enrichment claim, the Court should permit the claim to be tried to a jury alongside the other claims in this matter for the sake of judicial economy.

**A. Defendant has no federal right to a jury trial on its unjust enrichment claim.**

Federal Rule of Civil Procedure 39 provides that, when a jury trial has been demanded, the action must be tried to a jury unless "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial."  Fed. R. Civ. P. 39(a)(2).  The Seventh Amendment preserves the federal right to a jury trial "in Suits at common law, where the value in controversy [exceeds] twenty dollars."  U.S. Const. amend. VII.

The Supreme Court has long held that the Seventh Amendment only preserves the right to a jury trial on legal claims as opposed to equitable claims. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989) (citing *Curtis v. Loether*, 415 U.S. 189, 193 (1974)).  Ohio law is clear that unjust enrichment is an equitable remedy available only when no remedy is available in contract or tort. *Longmire v. Danaci*, 155 N.E.3d 1014, 1024 (Ohio Ct. App. 2020); *see also Andersons, Inc. v. Consol, Inc.*, 348 F.3d 496, 502 (6th Cir. 2003) ("The doctrine of unjust enrichment provides an equitable remedy imposed to prevent injustice"); *Delahunt v. Cytodyne Techs.*, 241 F. Supp. 2d

827, 841 (S.D. Ohio 2003) (noting that, under Ohio law, the "equitable claim of unjust enrichment fails when a legal remedy is available.").

Defendant argues that the issue is "not as cut and dry" as it appears, because federal courts have "complicated the issue regarding the equitable nature of damages for unjust enrichment claims, specifically in trade secret cases." (ECF No. 35 at 2.)  But this case is not a trade secret case.  And the trade secret cases to which Defendant refers are legal claims for money damages brought under misappropriation statutes that reference unjust enrichment as a method of calculating statutory damages. *See, e.g.*, *Newark Grp., Inc. v. Sauter*, No. C2:01-CV-1247, 2004 WL 5782100, at *1 (S.D. Ohio Apr. 6, 2004).

Accordingly, Defendant has no right to a jury trial on its counterclaim for unjust enrichment. The Court grants Plaintiff's Motion to Strike.

## B.  The Court declines to bifurcate Defendant's unjust enrichment claim.

Striking Defendant's jury demand does not automatically preclude Defendant from trying its unjust enrichment claim in a single trial alongside its legal claim for account.  When legal claims and equitable claims sharing common questions of fact are tried during the same jury trial, the jury determines liability on the legal claims while the Court decides the equitable claims.  *See Nat'l Union Elec. Corp. v. Wilson*, 434 F.2d 986, 988 (6th Cir. 1970).  When deciding the equitable claim, the Court is "bound by the jury's determination of the [legal claims.]"  *Korte v. Diemer*, 909 F.2d 954, 957 (6th Cir. 1990).  Thus, the Court determines the equitable claim only after the jury decides the legal claims.  *Id.*; *In re WSC, Inc.*, 286 B.R. 321, 332 (Bankr. M.D. Tenn. 2002) (citation omitted) ("Where the legal claim and the equitable claim have common issues of fact, the right to a jury trial cannot be negated through prior determination of the equitable claim by the

court. This means that if the legal claim and the equitable claim do have common issues of fact, the legal claim must be decided first by the jury.").

Defendant, in response to Plaintiff's Motion to Strike, argued that even if it lacked a jury trial right on its unjust enrichment claim, that claim should still be heard during the same trial as its counterclaim for account because the two claims share the same set of facts.  (ECF No. 35 at 3–4.)  Plaintiff, in its Reply, argued that the Court should bifurcate this matter under Federal Rule of Civil Procedure 42.  Plaintiff has not moved to bifurcate the unjust enrichment claim. But Rule 42 permits the Court to order separate trials on its own.  *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996).  Thus, the Court will consider Plaintiffs' arguments for bifurcation even though it has not moved for bifurcation.

The Court has discretion to bifurcate claims "for convenience, to avoid prejudice, or to expedite and economize[.]" Fed. R. Civ. P. 42(b).  "Only one of these criteria need be met[.]" *Saxion*, 86 F.3d at 556.  Bifurcation depends on the facts and circumstances of the case.  *Id.* Bifurcation is the "exception to the general rule that disputes should be resolved in a single proceeding and should be ordered only in exceptional cases." *Woods v. State Farm Fire & Casu. Co.*, No. 2:09-CV-482, 2010 WL 1032018, at *1 (S.D. Ohio Mar. 16, 2010) (citing *Chubb Custom Ins. Co. v. Grange Mutual Cas. Co.*, No. 2:07-CV-1285, 2008 WL 4823069 (S.D. Ohio Nov. 3, 2008)).  "Because '[t]he piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course,' the party seeking bifurcation has the burden of showing that concerns such as judicial economy and prejudice weigh in favor of granting the motion." *Id.* (citing Wright & Miller, Fed. Prac. and Proc. § 2388 (2d ed. 2006)).

Here, Plaintiff has made no specific showing that bifurcation is necessary. Plaintiff first argues that, because Defendant has no right to a jury trial on the unjust enrichment claim, the Court

should not allow Defendant to present its case during a jury trial.  (ECF No. 36 at 3.)  But that argument is not a valid reason for bifurcation.  Plaintiff next makes blanket assertions of prejudice or jury confusion if the jury hears evidence on the unjust enrichment claim.  However, nothing suggests that hearing evidence on the unjust enrichment claim would confuse the jury.  And Plaintiff has not articulated how it would be prejudiced.  Any potential prejudice or juror confusion can be alleviated through proper jury instructions.  *See United States v. Bradley*, 917 F.3d 493, 508 (6th Cir. 2019) (citation omitted) ("[J]urors are presumed to follow the trial court's instructions.").

Furthermore, as Defendant rightly points out, bifurcation here would require the Court to hold two trials over the same set of facts. Defendant's legal claim for account involves common questions of fact as its equitable claim for unjust enrichment.  Thus, bifurcation would not serve judicial economy and would increase costs for both sides.  The Court therefore declines to order separate trials in this matter. All evidence will be heard in the same jury trial. Consistent with longstanding federal trial procedure, the Court will resolve the equitable claim following the jury's verdict on the legal claims in this case.

## III.

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion to Strike Defendant's Jury Trial Demand as to Count III of its Counterclaim.  (ECF No. 33.)  The Court **ORDERS** that Defendant's Jury Demand as to Count III of its Counterclaim, listed at paragraphs 18 and 19 of its Answer and Counterclaim (ECF No. 6), is hereby **STRICKEN**.

**IT IS SO ORDERED.**

**2/25/2021**                                    **s/Edmund A. Sargus, Jr.**
**DATE**                                           **EDMUND A. SARGUS, JR.**
                                                       **UNITED STATES DISTRICT JUDGE**